# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-0611V
Filed: September 24, 2019
UNPUBLISHED

| | |
|---|---|
| ROBERT FUERSTENAU,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Ryan Alan Yeary, Caminez & Yeary, P.A., Monticello, FL*, for petitioner.
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On April 30, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome (GBS) after receiving the trivalent influenza vaccination on October 5, 2015. Petition at 1, ¶ 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 29, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for his GBS. On September 24, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $203,350.79, representing $200,000.00 in compensation for petitioner's past and future pain and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

suffering[3] and $3,350.79 in compensation for petitioner's past unreimbursable expenses. Proffer at 1-2. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $203,350.79, representing $200,000.00 in compensation for petitioner's actual and projected pain and suffering and $3,350.79 in compensation for petitioner's past unreimbursable expenses in the form of a check payable to petitioner, Robert Fuerstenau.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                           **s/Nora Beth Dorsey**
                                           Nora Beth Dorsey
                                           Chief Special Master

---

[3] Any amounts awarded for future pain and suffering have been reduced to net present value. *See* § 15(a)(4) (requiring this reduction for amounts awarded for projected pain and suffering).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ROBERT FUERSTENAU,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | No. 18-611V<br>Chief Special Master Dorsey<br>ECF |

### PROFFER ON AWARD OF DAMAGES

On April 30, 2018, Robert Fuerstenau ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 5, 2015. Petition at *Preamble*. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on July 26, 2019. Based on Respondent's Rule 4(c) Report, Chief Special Master Dorsey found petitioner entitled to compensation.

**I.** **Items of Compensation**

    **A**. **Pain and Suffering**

Respondent proffers that petitioner should be awarded $200,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

1

Case 1:18-vv-00611-UNJ   Document 34   Filed 10/28/19   Page 4 of 5

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,350.79. Petitioner agrees.

## II. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$203,350.79**, in the form of a check made payable to petitioner.[1] This lump sum payment represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

|  |  |
|---|---|
|  | s/Jennifer L. Reynaud |
|  | JENNIFER L. REYNAUD |
|  | Trial Attorney |
|  | Torts Branch, Civil Division |
|  | U.S. Department of Justice |
|  | P.O. Box 146 |
|  | Benjamin Franklin Station |
|  | Washington, D.C. 20044-0146 |
|  | Tel: (202) 305-1586 |
| Date: September 24, 2019 |  |