# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 18-0611V
(not to be published)

ROBERT FUERSTENAU,

                     Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                     Respondent.

Chief Special Master Corcoran

Filed: July 10, 2020

Special Processing Unit (SPU);
Attorney's Fees and Costs

*Ryan Alan Yeary, Caminez & Yeary, P.A., Monticello, FL,, for Petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 30, 2018, Robert Fuerstenau filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome (GBS) after receiving the trivalent influenza vaccination on October 5, 2015. (Petition at 1, ¶ 2). On September 24, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 36).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 20, 2020, (ECF No. 36), requesting a total award of $37,958.96 (representing $10,150.41 in fees and costs incurred by the firm of Caminez & Yeary, P.A. and $27,808.55 in fees and costs incurred by the firm of Ronald A. David, P.A.).[3] In accordance with General Order #9 Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 39 at 41). Respondent reacted to the motion on May 4, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 37). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

---

[3] Petitioner does not specifically state that attorney Ronald David's fees and costs be paid directly to Mr. David. For this reason, I shall award one lump payment to council of record, Ryan Yeary, who shall reimburse any fees and costs outstanding to Mr. David..

2

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

A. Hourly Rates

Petitioner requests $300 per hour for all time billed by attorney Ryan Yeary, and $400 per hour for all time worked by attorney Ronald David. (ECF No. 36). Additionally, Petitioner requests $300 per hour for "medical billing coordinator" Theresa Boone, and rates between $75 - $125 per hour for additional legal assistants that assisted both Mr. Yeary and Mr. David through the case

Overall, the rates requested are reasonable and fall within the appropriate experience ranges on the OSM Attorneys Forum Hourly Rate Schedule. However, the rate for Ms. Boone is excessive. A "medical billing coordinator" would have the same billing rate as a legal assistant or paralegal in the Vaccine Program, since such work does not rise to the level of an attorney or other medical professional, like an expert, retained to assist in a case. Therefore, I find it appropriate to reduce Ms. Boone's rate to $125 per hour for all her time billed. This reduces the fees to be awarded by the amount of **$5,565.00**. All other requested hourly rates shall be awarded in full.

B. Non-Compensable Billing

Mr. David and his paralegal billed a total of 7.9 hours for time spent on tasks which are not reimbursable. These tasks include preparing his bar admission to the Court of Federal Claims and obtaining his certificate of good standing form the Florida Supreme Court. (ECF No. 36 at 15 and 16).  "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). In addition, counsel are not paid by the Program for time associated with becoming members of the Court of Federal Claims bar.

I deny reimbursement for any fees associated with obtaining Mr. David's bar admission to this Court. This reduces the fees to be awarded in the amount of **$1,262.50**.[4]

**ATTORNEY COSTS**

---

[4] This amount consists of ($400 x 1 hr = $400) + ($125 x 6.90 hrs = $862.50) = $1,262.50.

Petitioner requests $700.41 in overall costs incurred by Mr. Yeary, and $3,233.55 incurred by Mr. David. (ECF No. 36 at 3). These amounts are comprised of obtaining medical records, shipping costs and the Court's filing fee. I find the costs incurred by Mr. Yeary appropriate and award the full amount of $700.41 herein.

Regarding the costs incurred by Mr. David, I find the majority of these reasonable, with the exception of the $276.00 charge associated with "Court of Federal Claims" for admission," and $7.00 labeled as "Clerk, Florida Supreme Court" for a certificate of good standing. (ECF No. 39 at 36 – 38). Costs associated with admission to the Court of Federal Claims are not reimbursable in the Vaccine Program, and the requests for these fees is denied. The costs to be awarded in association with Mr. David's work on this matter are thus reduced in the amount of **$283.00**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Accordingly, I  hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$30,848.46**[5] (representing $20,698.05 in attorney's fees and $3,650.96 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] This total consists of $10,150.41 in fees and costs awarded to Mr. Yeary and $20,698.05 in fees and costs for Mr. David. All reductions consisted of rates, time and costs on records from Mr. David.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.